

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

*Superseded*
*WW-288*
*C-579*

*O-425*
*O-8327*
*O-1594*
*O-6456*

September 20, 1973

*Opendated 3-13-34*

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H- 107

Re: Various questions regarding
House Bill 844, 63rd Legis-
ture, 1973, amending Articles
24. 28 and 35. 27, Texas Code
of Criminal Procedure

Dear Mr. Calvert:

You have requested our opinion on a number of problems relating to
provisions of House Bill No. 844, Acts of the 63rd Legislature (1973),
amending Articles 24. 28 and 35. 27 of the Texas Code of Criminal Procedure.

Article 24. 28, T. C. C. P., is generally known as the "Uniform Act to
Secure the Attendance of Witnesses from Without the State" and Article 35. 27
relates to "witness fees."

The general effect of these amendments is to broaden the authority of
local and state officials in arranging for the testimony of out-of-state wit-
nessess and in authorizing compensation of witnesses who reside outside the
county in which the prosecution is pending. Paragraph (d) of § 3 of Article
24. 28, as amended, changes from an allowance of 10¢ per mile and $5 per
day to adopt, by reference, the provisions for "compensation" and "additional
compensation" contained in Article 35. 27 of the Code, as amended.

Section 1 of amended Article 35. 27 renders eligible for such "compen-
sation" a witness who has appeared in response to a subpoena or a written
request of the prosecuting attorney or the judge. Prior to the amendment,
only those witnesses who appeared under subpoena were eligible for witness
fees or mileage.

Your first three questions are as follows:

"1.   Could the compensation or expenses allowed under Article 35.27 C. C. P. be legally paid to an out-of-State witness who is requested in writing by the prosecuting attorney or the court to appear as a witness in this State?

"2.   Could the compensation or expenses allowed under Article 35.27 C. C. P. be legally paid to an in-state witness who is requested in writing by the prosecuting attorney or the court to appear as a witness?

"3.   Must a witness be compelled to appear before the court under a subpoena, summons, or attachment before a witness would legally be entitled to compensation or expenses?"

We answer your first question in the affirmative because under §1 of Article 35.27, as amended, a request in writing by the prosecuting attorney or the court is on a parity with a subpoena or other legal compulsion.

Our answer to your second question is the same. Article 35.27 expressly applies to witnesses who reside "outside the state or the county in which the prosecution is pending. "

Our answers to questions no. 1 and 2 above compel a negative answer to your third question.

In connection with your first three questions you state:

"The above three (3) questions are asked pursuant to the provisions of Attorney General Opinions Nos. WW-288, O-4251, O-7327, V-24, C-579 and Article 1, Section 10 of the Constitution, and Article III, Section 51 of the Constitution. "

The Attorney General Opinions that you cite [with the exception of Opinion No. V-24 (1947)] represent interpretations of the law made prior to the recent amendments. We believe that the amendments render those opinions ineffective and that they are superceded by the answers we have given to your questions.

Article 1 § 10 of the Texas Constitution provides in part:

> "In all criminal prosecution the accused . . .
> shall have compulsory process for obtaining witnesses
> in his favor, except that when the witness resides out
> of the State and the offense charged is a violation of
> any of the anti-trust laws of this State, the defendant
> and the State shall have the right to produce and have
> the evidence admitted by deposition, under such rules
> and laws as the Legislature may hereafter provide. . . ."

We do not believe that this constitutional provision implies any prohibition against compelling out-of-state witnesses to appear as outlined in Article 24. 28.

Section 51 of Article 3 of the Texas Constitution prohibits gratuities of public moneys to individuals. Attorney General Opinion No. WW-288 holds that, when a witness was under no "legal obligation" to appear in a criminal proceeding, the payment of his expenses constituted a "gratuity." We believe that witnesses requested by the prosecution or the judge to appear under the provisions of Article 24. 28 are under a "legal obligation" to appear. If he refuses he can be effectively subpoenaed. Thus payment of his expenses is not a gratuity and is not violative of § 51 of Article 3 of the Texas Constitution.

Your fourth question is as follows:

> "4.   Is the compensation provided for in Article
> 35. 27 C. C. P. , Section 2, a per diem of
> $25. 00 per day or a reimbursement for actual
> expenses not to exceed $ 25. 00 per day? "

In our opinion § 2 of Article 35.27 authorizes the re-imbursement of the witness for his <u>actual expenses</u> not to exceed $25 per day plus mileage. This conclusion is based upon the provisions which require the witness to "make an affidavit setting out the travel and daily living expenses . . ." and upon the provision that such compensation "shall not exceed $25 per day for living expenses and twelve cents per mile for travel by personal automobile."

Your fifth question is as follows:

> "5.  Is the travel by personal automobile at
> twelve cents per mile a Legislatively
> determined amount for each mile traveled? "

We believe that 12¢ per mile was intended by the Legislature to establish a fixed charge per mile, similar to the reimbursement of state employees for personal automobile travel, and that the witness does not have to prove an actual expense of this amount per mile traveled in order to be entitled to reimbursement at this rate. Accordingly, your fifth question is answered affirmatively.

Your sixth question is as follows:

> "6.  If a witness traveled by bus, train, or air,
> what reimbursement could be allowed to
> said witness for said travel? "

Section 1 of Article 35.27 provides that the non-resident witness "shall be compensated by the state for the reasonable and necessary travel and daily living expenses he incurs by reason of his attendance as a witness at such proceedings." Section 2 covers per diem and automobile allowances. Section 3 contemplates that a witness will be allowed "compensation for travel and living expenses" and "such other expenses as may be required by the laws of this State or the state from which the attendance of the witness is sought." When these provisions are read together it is apparent that the Legislature, in language which is clear, although somewhat broad, has made provision for the re-imbursement of actual expenses incurred when the witness travels by bus, train, or air.

Your seventh question is as follows:

"7. Is the State authorized to pay a witness compensation or expenses to an out-of-State witness summoned to testify in any misdemeanor case or only in those cases for which a jail sentence may be the punishment? (In this connection see Article 24.16 C.C.P.)"

Article 24.16 provides as follows:

"Where, in misdemeanor cases in which confinement in jail is a permissible punishment, or in felony cases, a witness resides out of the county in which the prosecution is pending, the State or the defendant shall be entitled, either in term-time or in vacation, to a subpoena to compel the attendance of such witness on application to the proper clerk or magistrate. . . . Witnesses in such misdemeanor cases shall be compensated in the same manner as in felony cases. . . ." [This provision was interpreted in Attorney General Opinion C-579 (1966) to authorize payment of witnesses subpoenaed in misdemeanor cases in which confinement in jail is a permissible punishment.]

Section 4(a) of Article 24.28, as amended by House Bill 844, applies to any "prosecution pending in a court of record in this State."

Article 35.27, as amended, applies to any witness "in a criminal proceeding who resides outside the State or the county in which the prosecution is pending. . . ."

In the few instances wherein a misdemeanor prosecution may be pending in a "court of record" in which confinement in jail is not a permissible punishment, we believe that an out-of-state witness can be subpoenad and paid under the provisions of Articles 24.28 and 35.27; whereas a witness merely outside of the county cannot be paid because of the limitation of Article 24.16.

This is presently a moot question because, as shown by the appropriation bill quoted herein below, the moneys appropriated for expenses of witnesses under Article 24.28 is confined to "felony cases".

Your 8th question is as follows:

> "8.    In the securing of witnesses from without the
>        State, could this department pay a witness
>        who is summoned by a judge of that state to
>        appear in Texas, if that state has not adopted
>        the Uniform Act?   (In this connection I refer
>        you to State vs. Jordan 320 P. 2d 446, 83
>        ARIZ. 248, 78 S. CT 1364, 357 U.S. 922, 2
>        L. ED. 1367, 79 S. CT 17, 358 U.S. 859, 3
>        L. ED. 2d 93. "

Attorney General Opinion No. M-1038 (1972) holds that even though the State of Georgia has not adopted the Uniform Act, a witness who is subpoenaed by a Texas court in accordance with the provisions of § 2 of Article 24.28 and who obeys the subpoena and testifies in Texas is entitled to be paid witness fees and mileage in accordance with the statute.   The 1973 amendment would support the same result, and we are not required to reconsider Opinion M-1038.   State v. Jordan, 320 P 2d 446 (Ariz. Sup. 1958, cert. den. 357 U.S. 920, reh. den. 358 U.S. 859) does not limit the Legislature's authority to provide re-imbursement for the expenses of witnesses, regardless of where they live and regardless of the adoption of the Uniform Act by the state where they live.

Your 9th question is as follows:

> "9.    If more than one witness rides in the same
>        car , could each witness be legally paid 12¢
>        per mile? "

The answer to this question is "no".   Only the person furnishing the automobile and paying the expenses of its operation incurs any "reasonable and necessary" travel expense for its use and only he can be reimbursed. If the witnesses share the expenses, nevertheless only 12¢ per mile can be reimbursed, to be divided as the witnesses agree among themselves.

Your tenth question is as follows:

> "10. Could a witness travel back and forth
> between his home and the court and
> receive 12¢ per mile for each trip or
> would permission from the judge need
> to be had before additional trips could
> be made?"

Section 2 of Article 35.27, as amended, furnishes only general guide-lines for the payment of mileage. The rights of a witness to recover mileage for commuting back and forth to court would, we believe, be determined by the word "necessitated" contained in § 2. Mileage for commuting would be "necessitated" if it would constitute a smaller claim than would result from a claim for per diem, or if, because of the health or personal affairs of the witness, it would be necessary for the witness to commute. Since the witness is required by § 2 to submit his claim in affidavit form, and since the payment of such claim is subject to approval by the judge of the court (§ 4), it may be incumbent upon the witness, as a practical matter, to secure the judge's approval before he decides to commute. Therefore, the answer to Question No. 10 would be that the witness is confined to necessary travel expenses, including mileage which may include multiple trips and that these trips do not necessarily have to be approved in advance by the judge. Such trips are subject to disapproval if they are not necessary.

Your eleventh question is as follows:

> "11. Could a witness, where a case has been set
> for trial and the witness appear and the case
> is postponed to a future date of the same term
> of court and the witness is directed to return
> to the court at that time, be entitled to the 12¢
> per mile?"

The discussion under Question No. 10 is applicable here. If the witness is directed by the judge to re-appear from time to time, his mileage would be "necessary" upon each trip to the court.

In connection with Questions 10 and 11 you call our attention to Attorney General Opinions No.'s O-1594 (1939), O-6456 (1945) and a letter opinion dated March 13, 1934. These opinions all construe Article 1036, Texas Code

of Criminal Procedure, which was the predecessor of Article 35. 27.
The new statute bears little resemblance to the old, and the prior inter-
pretation of Article 1036 furnished little guidance or relevance in answer-
ing questions 10 and 11.

Your 12th question is as follows:

> "12.　Article 35. 27 C. C. P. , Section 3 provides
> for other expenses. Who should make the
> claim for this type of expense and to whom
> would it be payable, and is there any money
> appropriated for the payment of this type of
> expense? "

Section 3 of Article 35. 27, as amended, provides:

> "In addition to compensation for travel and
> living expenses, the Comptroller of Public Accounts,
> upon proper application by the attorney for the State,
> shall pay such other expenses as may be required by
> the laws of this State or the state from which the
> attendance of the witness is sought. "

The three questions are answered as follows: (1) The application is made
by the attorney for the state; (2) The claim normally would have to be made
payable to the witness; (3) The Appropriation Bill contains an appropriation
for the payment of this type of expense.

The General Appropriations Act for 1974-1975, at page 1-16, contains
the following appropriations:

> 11.　"Expenses of attached witnesses,
> witness fees and mileage allowed
> witnesses where the witness lives
> outside the county where the case
> is being tried, allowed under
> Article 35. 27, C. C. P.　　70, 000　　70, 000

" . . . .

| | | | |
|---|---|---|---|
| 13. | "Expenses of witnesses in felony cases or before a grand jury summoned under the provisions of Article 24.28, C.C.P. to attend and testify in this State. | 6,000 | 6,000 |
| 14. | "To pay the Deficiency Certificates issued by the State Comptroller under the provisions of Article 35.27, C.C.P. for witness fees issued for the fiscal year beginning September 1, 1971 through August 31, 1972, | 2,000" | |

Paragraph (b) of § 4 of Article 24.28 adopts the provision of Article 35.27 with respect to the compensation of non-resident witnesses.

It will be observed that Item 13 in the Appropriation Bill does not confine itself to a particular type of expense, such as witness fees or mileage. Therefore, in our opinion, this language is broad enough to constitute an appropriation of funds with which to reimburse an out-of-state witness, not only for the travel and living expenses referred to in § § 1 and 2, but also the "other expenses" referred to in §3 of Article 35.27, as amended. As noted above, item 13 is limited to felony cases and apparently no money has been appropriated to pay out-of state witnesses who appear in any kind of misdemeanor case under the provisions of Article 24.28.

## SUMMARY

1. Under the provisions of Articles 24.28 and 35.27, Texas Code of Criminal Procedure, as amended by House Bill 844, both out-of-state witnesses and out-

of-county witnesses can be legally paid reasonable and necessary expenses if they are requested in writing by the prosecuting attorney or the court to appear as a witness in this State.

2. The $25 per day provided for in Article 35.27, T.C.C.P., is not a fixed per diem but is a reimbursement for actual expenses not to exceed $25 per day.

3. The 12¢ per mile provided in Article 35.27, T.C.C.P., is a legislatively determined and fixed amount for each mile traveled.

4. A witness who travels by bus, train or air is reimbursed for his actual out-of-pocket expense, provided that such method of travel is reasonable and necessary.

5. Under Article 24.28 the State can pay an out-of-state witness compensation for appearing to testify in any misdemeanor, but a merely out-of-county witness can only be paid for testimony in a misdemeanor case for which a jail sentence may be the punishment under Article 24.16.

6. The State Comptroller can pay a witness who is summoned to appear in Texas by a judge of a state that has not adopted the Uniform Act.

7. If more than one witness rides in the same care, only the owner of the car can be legally paid 12¢ per mile.

8. When a witness travels back and forth by personal automobile between his home and the court either during a trial or when a case has been set for trial and postponed, he

is entitled to 12¢ per mile for each trip providing the same is reasonable and necessary and is approved by the judge.

9. The "other expenses" in addition to travel and living expenses, contemplated by § 3 of Article 35.27 should be applied for by the attorney for the state, paid to the party who incurred the expenses and money has been appropriated for such payment.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee